# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv663

| | |
|---|---|
| PAMELA C. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability and supplemental security income benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 12 & # 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14] and **AFFIRM** the Commissioner's decision.

## I. Procedural History

Plaintiff filed an application for disability benefits and supplemental security income on May 10, 2007. (Transcript of Administrative Record ("T.") 221-28.)

Plaintiff alleged an onset date of July 31, 2005. (T. 221, 225.) The Social Security Administration denied Plaintiff's claim. (T. 124-28.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 134-54.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 70-100.) The ALJ then issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 108-16.) Subsequently, the Appeals Council remanded the case to the ALJ for a new hearing. (T. 121-23.)

After conducting a second hearing (T. 50-67), the ALJ issued another decision finding that Plaintiff was not disabled. (T. 25-41.) Plaintiff requested review of the ALJ's decision (T. 20), which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to

determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity.  Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.  If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III.    The ALJ's Decision**

In his January 18, 2011, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act.  (T. 41.)  The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2008.

(2) The claimant has not engaged in substantial gainful activity since July 31, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: arthritis, obesity, and a history of depression and anxiety (20 CFR 404.1520(c) and 20 CFR 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is able to lift/carry up to twenty pounds occasionally and ten pounds frequently. The claimant can sit for thirty minutes and must be allowed to stand as needed. The claimant is limited to occasional climbing of stairs and ramps, but may never climb ladders, scaffolds, or ropes. The claimant is limited to occasional balancing and frequent, but no constant handling and fingering with both hands. The claimant is able to perform simple, routine, repetitive tasks and meet the mental demands of "unskilled" work in an environment with only occasional interpersonal interaction.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on July 28, 1968 and was 37 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR

404.1568 and 416.968).

    (10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

    (11) The claimant has not been under a disability, as defined in the Social Security Act, from July 31, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 27-41.)

**IV.  Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits.  Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).  The scope of judicial review, however, is limited.  The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal quotation marks omitted).  It is more than a scintilla but less than a preponderance of evidence.  Id.  When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility

determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.   **Analysis**[1]

   A.   **The ALJ did not Err in the Treatment of the Medical Opinions in the Record**

Plaintiff contends that the ALJ erred in his treatment of the opinion of Dr. George Raad. In addition, Plaintiff contends that the ALJ erred in his treatment of the opinions of Melissa Yow, PA-C and Donna Braswell. Upon a review of the record and the relevant legal authority, the Court finds that the decision of the ALJ is supported by substantial evidence and remand is not required.

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005);

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul.

2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

The ALJ in this case specifically addressed the medical opinion of Dr. Raad, including the questionnaire (T. 957-62) he prepared. The ALJ found that while some of opinions of Dr. Raad were consistent with the medical record and entitled to controlling weight, other opinions were inconsistent with the records and were entitled to less weight. (T. 37.) In reaching his decision, the ALJ set forth reasons for rejecting some of the opinions of Dr.Raad that were sufficiently specific to allow this Court to ascertain the weight the ALJ gave to the opinion and the reason for doing so. See SSR 96-2p.

Specifically, the ALJ found that many of the opinions of Dr. Raad were not supported by the treatment records and were contradicted by the Plaintiff's admitted daily activities, which include doing chores, attending group therapy sessions, listening to music, meditating, writing, washing her truck, and regularly attending church. (T. 36-38, 417, 839-42, 872.) Plaintiff even reported that she planned on returning to school after receiving disability benefits. (T. 36, 919.) Finally, the ALJ noted that the medical records reflect that Plaintiff's impairments

improved with medication. (T. 36, 38.) The Court finds that substantial evidence supports the decision of the ALJ not to assign controlling weight to all the opinions of Dr. Raad.[2]

Plaintiff also contends that the ALJ erred in his consideration of the opinions of Melissa Yow and Donna Braswell. As a physician assistant and a counselor, the opinions of Ms. Yow and Ms. Braswell are considered "other sources" under SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). As such, the opinions are not entitled to controlling weight and cannot establish the existence of an impairment. SSR 06-03p. Opinions from other sources, however, may be used to demonstrate the severity of a claimant's impairment and how the impairment impacts the claimant's ability to function. Id.

Here, the ALJ properly determined that neither the opinion of Ms. Yow nor Ms. Braswell was an acceptable medical source entitled to controlling weight. (T. 38.) The ALJ then considered these other sources and determined that the opinions were entitled to little weight. (Id.) Specifically, the ALJ found that the opinion of Ms. Yow was primarily based on Plaintiff's subjective complaints of pain as opposed to the objective medical evidence, that her opinion was not consistent with

---

2   Moreover, the fact the ALJ first set forth the RFC and then explained his reasoning, including the weight given to the various medical opinions in the record does not require remand. Nothing prohibits an ALJ from first setting forth his or her holding or legal conclusion and then setting forth the reasoning for how he or she reached that conclusion.

the medical records, and the opinion was inconsistent with Plaintiff's activities of daily living. (T. 38.) The ALJ also found that the rheumatology medical records suggested that Plaintiff was responding to treatment. (Id.) Similarly, the ALJ noted that Ms. Braswell had a limited relationship with Plaintiff over a short period of time, provided little more than a summary of Plaintiff's subjective complaints of pain, and offered an opinion that was inconsistent the record as a whole. (Id.) Upon a review of the entire record, the Court finds that the ALJ properly addressed the opinions of these other sources, and that the ALJ's decision to assign little weight to the opinions of Ms. Yow and Ms. Braswell was supported by substantial evidence in the record. Accordingly, remand is not required for the Court to re-evaluate these opinions.

     **B.    The ALJ's RFC Assessment is Supported by Substantial Evidence**

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in

the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

The ALJ found that Plaintiff could perform a reduced range of light work. (T. 31.) In reaching his decision, the ALJ considered all the evidence in the record, set forth Plaintiff's functional limitations, assessed Plaintiff's work-related abilities on a function-by-function basis, and included a thorough narrative discussing how the evidence in the record supported his RFC. (T. 31-38.) Plaintiff's contention that ALJ failed to comply with SSR 96-8p and failed to consider Plaintiff's work-related abilities on a function-by-function basis is without merit.

Moreover, the Court finds that the ALJ's RFC, including the mental RFC, is supported by substantial evidence in the record. Plaintiff suggests that remand is required in this case because a Global Assessment Function (GAF) score of 50 or below means Plaintiff is unemployable as a matter of law. As Judge Reidinger recent explained in an unpublished opinion:

> A GAF score is "a subjective determination that represents the clinician's judgment of the individual's overall level of functioning."

> White v. Comm'r of Soc. Sec., 572 F.3d 272, 276 (6th Cir. 2009). It is, in other words, a "snapshot of functioning at any given moment." Fowler v. Astrue, 2011 WL 5974279 *3 (W.D.N.C.2011). "A GAF score is thus not dispositive of anything in and of itself" and has no direct legal or medical correlation to the severity requirements of social security regulations. Oliver v. Comm'r of Soc. Sec., 415 Fed. App'x. 681, 684 (6th Cir. 2011). It is, instead, intended to be used to make treatment decisions. Leovao v. Astrue, 2012 WL 6189326 * *5 (W.D.N.C. 2012) (citing Wilkins v. Barnhart, 69 Fed. App'x. 775, 780 (7th Cir. 2003)).

Minish v. Astrue, Civil No. 1:12cv01, 2013 WL 1010437 (W.D.N.C. Mar. 14, 2013) (Reidinger, J.). Here, the ALJ specifically considered Plaintiff's GAF scores (T. 36) with all the other evidence in the record and found that Plaintiff could perform a reduced range of light work. It is not the role of this Court to re-weigh this evidence or substitute the judgment of this Court for that of the ALJ, Craig, 76 F.3d at 589. Upon a review of all the evidence in the record, including the GAF scores of Plaintiff, the Court finds that the determination of the ALJ is supported by substantial evidence in the record. Accordingly, remand is not required in this case.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** the Plaintiff's Motion for Summary Judgment [# 12], and **AFFIRM** the Commissioner's

decision.

Signed: July 24, 2013

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).