UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00663-MOC-DLH

| | | |
|---|---|---|
| **PAMELA C. BOYD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, acting Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

In this matter, plaintiff has filed objections to the Memorandum and Recommendation. While plaintiff couches such objections in terms of errors by the magistrate judge, e.g., "[t]he M&R not so holding is error," plaintiff's substantive arguments in each of her four objections is that the magistrate judge erred in not finding in her favor on each assignment of error contained in her Motion for Summary Judgment. Indeed, plaintiff's argument is little more than a repackaging of her memorandum of law filed in support of her Motion for Summary Judgment. Plaintiff neither quotes, paraphrases, nor cites any portion of the magistrate judge's M&R in her objections. Further, plaintiff does not attempt to explain why the reasoning and detailed analysis of the magistrate judge is incorrect. While such manner of filing objections may be expedient, it does not comply with the requirements of either Camby or Opriano, but attempts to bypass and make a nullity of the work and reasoning of the magistrate judge.

In this case, the magistrate judge's 14-page memorandum provides legal analysis as to why each of plaintiff's assignment of errors is without merit and further provides reasons why the final determination by the Commissioner is supported by substantial evidence.

Specifically, the magistrate judge found that the ALJ did not err in considering the medical opinions contained in the administrative record. He found that the ALJ properly

credited certain medical opinions and properly discredited other medical opinions, all while explaining the reasons he did not fully credit such opinions. Such determination is fully consistent will prevailing law. See SSR 96-2p; 20 C.F.R. § 404.1527(d)(2). Indeed, many such opinions of disability reached by plaintiff's physicians stood in stark contrast to her reports of daily activities, which included doing chores, attending group therapy sessions, listening to music, meditating, writing, washing her truck, and regularly attending church. Tr. 36-38, 417, 839-42, 872. As to other providers, the magistrate judge properly found that the ALJ had given such opinions little weight as they were not proper sources and were otherwise properly addressed by the ALJ.

Next, the magistrate judge determined that the RFC assessment was supported by substantial evidence. Clearly, the ALJ considered all the evidence in the record, set forth plaintiff's functional limitations, assessed plaintiff's work-related abilities on a function-by-function basis, and included a thorough narrative discussing how the evidence in the record supported his RFC. Further, plaintiff's contention that the ALJ failed to consider her GAF score was addressed by the magistrate judge, who found that the ALJ properly considered such score under prevailing law as he considered such score along with other evidence of record resulting in an RFC finding of a reduced range of light work.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#16) is **AFFIRMED,** the Commissioner's Motion for Summary Judgment (#14) is **GRANTED,** the plaintiff's Motion for Summary Judgment (#12) is **DENIED,** the final decision of the Commissioner is **AFFIRMED**, and this action is **DISMISSED**.

Signed: August 21, 2013

Max O. Cogburn Jr.
United States District Judge